IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD HOEFT,

                              Plaintiff,                      OPINION AND ORDER

     v.
                                                             11-cv-388-wmc

CHRIS HOFFMAN and
MATT SCHULTZ,

                              Defendants.

Plaintiff Richard Hoeft has filed a complaint under 42 U.S.C. § 1983, alleging that defendants Chris Hoffman and Matt Schultz violated Hoeft's civil rights by committing "slander, libel and defamation of character" against him.  Hoeft has been granted leave to proceed *in forma pauperis*, but the complaint must still be screened pursuant to 28 U.S.C. § 1915(e)(2).  Under this statute, the court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).  In screening any pro se litigant's complaint, the court must construe his claims generously.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  After reviewing the pleadings in this light, the court concludes that Hoeft's complaint must be dismissed for reasons outlined below.

ALLEGATIONS OF FACT

In his complaint, Hoeft alleges and the court assumes for purposes of this order the following facts:

- Plaintiff Richard Hoeft is a resident of Park Falls, Wisconsin.

- Defendant Chris Hoffman serves as the Ashland County Forest Administrator in Butternut, Wisconsin.

- Defendant Matt Schultz is an Ashland County Forester in Butternut, Wisconsin.

- Ashland County "firewood rules" state that only dead trees and downed trees (live or dead) may be cut.

- Sometime before April 12, 2011, Schultz committed slander when he told Hoffman that he saw Hoeft cutting down live trees for firewood in violation of his Ashland County firewood permit.

- On April 12, 2011, Hoffman wrote Hoeft a letter telling him what Schultz had said. Hoffman also said that he had a problem with people cutting down live trees.

- Hoeft's permit to cut firewood was then revoked, lowering Hoeft's "standing in the community by making it look like Hoeft was committing an unlawful act."

- Hoeft seeks $200,000 in compensatory and punitive damages from each defendant for their defamatory comments

## OPINION

Hoeft appears to be raising two claims: (1) a federal due process claim against defendant Hoffman for revoking his permit to cut firewood; and (2) a state law defamation claim against defendant Schultz for untruthful statements he made to Hoffman about Hoeft cutting down live trees.  Given the distinct nature of each as to the defendant, applicable law and facts, the court will address them separately below.

## I.    Federal Due Process Claim Against Hoffman

A procedural due process violation occurs under the Fourteenth Amendment when a state actor deprives an individual of a constitutionally protected interest in "life, liberty, or property" without providing adequate process.  Therefore, a due process analysis itself involves a two-step inquiry:  (1) whether the defendants deprived the plaintiff of a constitutionally protected liberty or property interest; and (2) if so, whether that deprivation occurred without due process of law. *Doe v. Heck,* 327 F.3d 492, 526 (7th Cir. 2003) (citing *Zinermon v. Burch,* 494 U.S. 113, 125

(1990); *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 616 (7th Cir. 2002)).

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Hoeft provides no underlying statute or regulation setting forth the standard for obtaining the firewood permits referenced in the complaint.  Even assuming that he has a property interest in the right to gather firewood, where a state provides reasonable remedies to correct an error by one of its officials, due process has been provided and § 1983 does not provide redress.  *Parratt v. Taylor*, 451 U.S. 527, 542 (1981) (Stevens, J.) ("(T)he existence of an adequate state remedy to redress property damage inflicted by state officials avoids the conclusion that there has been any constitutional deprivation of property without due process of law within the meaning of the Fourteenth Amendment.").

As this court stated in one of Hoeft's previous, similar cases regarding firewood permits:

> If [Hoeft] has a property right to a permit, [then he] necessarily has, or at least had, the right to appeal [the denial of his permit] in state administrative proceedings and, ultimately, state court pursuant to the underlying state statute or regulation granting that right.  Accordingly, it is to state law that [Hoeft] must look for relief. *See* Wis. Stat. §§ 227.41; 227.46; 227.52.

*Hoeft v. Schultz*, Case No. 11-cv-387-wmc, at 3 (W.D. Wis. Jan. 30, 2012).  Likewise, Hoeft fails to state a federal due process claim in the present case.


## II.    State Defamation Claim Against Schultz

A federal court is one of limited jurisdiction with has the power to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) cases in which a citizen of one state alleges a violation of his or her rights

established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. On its own, Hoeft's claim for defamation against Schultz does not support either type of case.

In order to find a defendant liable under 42 U.S.C. § 1983, a plaintiff must establish that (1) he had a constitutionally protected right, (2) he was deprived of that right in violation of the Constitution, (3) the defendant intentionally caused that deprivation and (4) the defendant acted under color of state law. *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009); *Schertz v. Waupaca County*, 875 F.2d 578, 581 (7th Cir. 1989). Hoeft's allegations of defamation raise a state tort law claim, not federal law or constitutional claims. *Paul v. Davis*, 424 U.S. 693, 712 (1976). In other words, Hoeft's allegations of defamation do not state a claim for which relief may be granted under 42 U.S.C. § 1983. *See id*.

To pursue his state-law defamation claims in federal court, the amount in controversy must exceed $75,000 and there must be complete diversity of citizenship, meaning that Hoeft may not be a citizen of the same state as either of the defendants. 28 U.S.C. § 1332(a)(1); *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). Although Hoeft alleges more than $75,000 in damages, he and both defendants live and work in Wisconsin.

Perhaps in recognition that his state-law claim for defamation fails to meet the requisite jurisdictional threshold, Hoeft invokes 28 U.S.C. § 1367(a), which authorizes "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." With his primary federal claim against Hoffman having been deemed without merit, "the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 480 (7th

4

Cir. 2012) (citation omitted).  Accordingly, the court declines to exercise supplemental jurisdiction over his state-law claims here.

## ORDER

IT IS ORDERED that plaintiff Richard Hoeft's civil rights complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.  Hoeft's state-law defamation claims are DISMISSED without prejudice for lack of subject matter jurisdiction.

Entered this 10th day of June, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge